Filed 5/20/22  P. v. Perez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B310887 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA005708) |
| v. | |
| EDDIE ANTHONY PEREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lee W. Tsao, Judge.  Reversed and remanded.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Roberta L. Davis and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Eddie Anthony Perez (defendant) appeals the trial court's summary denial of his motion for relief under Penal Code section 1170.95.[1]  The trial court's denial was error because the record of conviction did not foreclose relief as a matter of law.  We accordingly reverse and remand for an evidentiary hearing.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Facts[2]

#### A.    *The underlying crime*

On October 12, 1990, following a melee involving several people at an after-party, Gilbert Eugene Rosales (Rosales) called defendant, and asked defendant to pick up him up and to bring a gun "because there was trouble."  Defendant did as Rosales asked.  When one of the people involved in the earlier fight approached defendant's car, defendant opened the hatchback of the car and Rosales fired several shots from the rifle defendant brought.  One of the shots hit one of those people, killing him.

#### B.    *Charging, conviction and appeal*

The People charged defendant with (1) first degree murder (§ 187, subd. (a)), and (2) discharging a firearm at an occupied motor vehicle (§ 246).  The People also alleged that defendant had furnished a firearm for the purpose of aiding and abetting another person to commit a felony (§ 12022.4), and that a

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    We draw these facts from our prior opinion affirming defendant's conviction on appeal.  (*People v. Rosales and Perez* (Jan. 27, 1993, B062327) [nonpub. opn.].)

2

principal was armed with a firearm (§ 12022, subd. (a)(1)).[3] Because it was undisputed that Rosales had been the shooter, the jury was instructed that defendant could be liable for the murder as either (1) someone who directly aided and abetted the murder itself (using the then-current version of CALJIC No. 3.01), or (2) someone who aided and abetted Rosales in committing some lesser crime, the natural and probable consequence of which was murder (using the then-current version of CALJIC No. 3.02).

The jury convicted defendant of second degree murder and found true the special allegations. The jury found defendant not guilty of discharging a firearm at an occupied motor vehicle. The trial court sentenced defendant to prison for 15 years to life.[4] Defendant appealed his conviction and we affirmed in an unpublished opinion.

## II. Procedural Background

On February 14, 2019, defendant filed a petition seeking resentencing under section 1170.95. In the form petition, defendant checked the boxes for the allegations that he was convicted of murder "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that his murder conviction would be invalid under the "changes made to

---

[3] Rosales was also charged with first degree murder (§ 187, subd. (a)), and discharging a firearm at an occupied motor vehicle (§ 246), and the People further alleged that Rosales had inflicted great bodily injury and death on the victim as a result of discharging a firearm from a motor vehicle (§ 12022.55), and had personally used a firearm (§ 12022.5).

[4] Rosales was convicted of first degree murder, and the jury found true all the special allegations; he was sentenced to 30 years to life in state prison.

3

Penal Code §§ 188 and 189, effective January 1, 2019." The People filed a response arguing that defendant was not eligible for relief as a matter of law because he was convicted of murder as a direct aider and abettor, and that section 1170.95 was unconstitutional.

Following a February 18, 2021 hearing, the trial court denied the petition on the ground that defendant had not "demonstrated a prima facie case for eligibility under Penal Code section 1170.95 because the jury was not instructed on felony murder, on a felony murder theory or a natural and probable consequences doctrine."

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in summarily denying his section 1170.95 petition because his jury was instructed on the natural and probable consequences doctrine. Because the trial court's reason for summarily denying relief turns on its interpretation of section 1170.95 and the application of law to undisputed facts, our review is de novo. (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder[ or] murder under the natural and probable consequences doctrine," (2) he "was convicted of murder," and (3) he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) In January 2019, our Legislature amended section 188 to provide that "in order to be

4

convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime."  (§ 188, subd. (a)(3).)

Although the trial court followed the correct procedures in appointing defendant counsel and entertaining briefing, the court nevertheless erred in summarily denying defendant's petition because it set forth a prima facie entitlement to relief.  (*People v. Lewis* (2021) 11 Cal.5th 952, 964.)  In assessing whether a defendant seeking relief under section 1170.95 has made out a prima facie case warranting an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask "'whether the petitioner would be entitled to relief if [those] allegations were proved.'"  (*Id.* at p. 971.)  "'However, if the record, including the court's own documents [from the record of conviction] "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'"  (*Ibid.*)

Here, defendant has made the requisite prima facie showing for relief because his petition alleges that he was charged with murder under a natural and probable consequences theory, was convicted of second degree murder, and "could not now be convicted of . . . second degree murder."  What is more, nothing in the record of conviction refutes those allegations.  Contrary to the trial court's finding, the record indicates that the jury in defendant's case was instructed on the natural and probable consequences theory of liability, and that the jury's general verdict may have rested on that theory.  To be sure, the *version* of the natural and probable consequences instruction used in defendant's case did not specify the lesser crime that the

jury would have to find that defendant aided and abetted, but this is of no consequence because defendant's trial took place *before* our Supreme Court held that trial courts must so specify. (*People v. Prettyman* (1996) 14 Cal.4th 248, 264-267.) The natural and probable consequences instruction the trial court gave was the pattern jury instruction in effect at that time. Consequently, and as the People concede, defendant has established a prima facie entitlement to relief and the matter must be remanded to the trial court for an evidentiary hearing. Of course, "[w]e express no opinion about [defendant's] ultimate entitlement to relief following the hearing. (§ 1170.95, subd. (d)(2).)" (*People v. Drayton* (2020) 47 Cal.5th 965, 983.)

Defendant makes two further arguments for relief. First, he argues that his counsel was constitutionally ineffective for not pointing out to the trial court that his jury was instructed on the natural and probable consequences theory. In light of our disposition, this argument is moot. Second, defendant argues that a murder conviction may not stand on a theory that he directly aided and abetted an implied malice murder. This argument is beyond the scope of section 1170.95, which provides relief only for certain homicide and attempted homicide convictions resting on theories of vicarious liability without any showing of personal mens rea; by its plain text, section 1170.95 is not a tool for attacking murder convictions on any other grounds.

**DISPOSITION**

The order is reversed. On remand, the trial court is to re-appoint counsel (if necessary) and to conduct an evidentiary hearing contemplated by section 1170.95, subdivision (d)(3) at which it is the prosecution's burden to prove beyond a reasonable

6

doubt that defendant is "ineligible for resentencing" under section 1170.95.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ

7